RECEIVED
NOV 1 5 2018
AT 8:30_____M
WILLIAM T. WALSH
         CLERK



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street, Suite 700          (973) 645-2700
Newark, New Jersey 07102

November 2, 2018

Samuel M. Bregman, Esq.
901 3rd St. NW, Suite A
Albuquerque, NM 87102

      Re: **Plea Agreement with Robert Arellano**
           Cr. 18-683 (PGS)

Dear Mr. Bregman:

      This letter sets forth the plea agreement between your client, Robert Arellano (hereinafter, "defendant Arellano"), the United States Attorney for the District of New Jersey, the United States Attorney for the District of New Mexico, and the Environmental Crimes Section of the United States Department of Justice (collectively "the United States"). The United States' offer to enter into this plea agreement will expire at the close of business on **November 5, 2018**, if it is not accepted in writing by that date.

## Charge

      Conditioned on the understandings specified below, the United States will accept a guilty plea from defendant Arellano to Counts One through Three of a thirteen-count Indictment currently pending in the U.S. District Court for the District of New Mexico (17-cr-1229-RB (D.N.M.))(hereinafter, the "New Mexico Indictment"), to be transferred to the District of New Jersey for plea and sentencing pursuant to Fed. R. Crim. P. 20. Each of these counts charges defendant Arellano with possessing a dog for purposes of having the dog participate in an animal fighting venture, contrary to Title 7, United States Code, Section 2156(b), and Title 18, United States Code, Section 49, beginning on a date or dates before June 1, 2016, but no earlier than May 9, 2012.

      If defendant Robert Arellano enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, the United States will not initiate any further criminal charges against defendant Arellano under the animal fighting provisions of the federal Animal Welfare Act, Title 7, United States Code, Section 2156, for the time period of May 9, 2012, to June 1, 2016, and will move to dismiss the remaining ten

counts of the New Mexico Indictment at the time of sentencing. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant Arellano agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by defendant Arellano may be commenced against him, notwithstanding the expiration of the limitations period after defendant Arellano signs the agreement.

Sentencing

The violations of 7 U.S.C. § 2156 to which defendant Arellano agrees to plead guilty each carry a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon defendant Arellano is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The United States cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence defendant Arellano ultimately will receive.

Further, in addition to imposing any other penalty on defendant Arellano, the sentencing judge: (1) will order defendant Arellano to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order defendant Arellano to pay restitution pursuant to 18 U.S.C. § 3663, *et seq.*, and (3) pursuant to 18 U.S.C. § 3583, may require defendant Arellano to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should defendant Arellano be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, defendant Arellano may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of The United States Regarding Sentencing

Except as otherwise provided in this agreement, the United States reserves its right to take any position with respect to the appropriate sentence to be imposed on defendant Arellano by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, the United States may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of defendant Arellano's activities and relevant conduct with respect to this case.

Stipulations

The United States and defendant Arellano agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of the United States is based on the information and evidence that the United States possesses as of the date of this agreement. Thus, if the United States obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, the United States shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either the United States or defendant Arellano from any other portion of this agreement, including any other stipulation. These stipulations do not restrict the right of the United States to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Defendant Arellano agrees that, upon his signing of this plea agreement, the facts that defendant Arellano admits under this plea agreement, as well as any facts to which defendant Arellano admits in open court at his plea hearing, shall be admissible against defendant Arellano under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and defendant Arellano expressly waives his rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant Arellano admits in conjunction with this plea agreement.

Waiver of Appeal and Post-Sentencing Rights

Defendant Arellano was convicted on October 16, 2018, in the District of New Jersey to Counts One, Two and Three of a 23-count Superseding

Indictment (Crim. No. 17-051 (PGS)) (the "New Jersey Indictment"). As part of the consideration for this plea agreement, the United States has agreed to transfer the New Mexico Indictment to the District of New Jersey for plea and sentencing, so that both cases may be sentenced in the same proceeding.

Defendant Arellano knowingly and voluntarily waives the right to appeal, collaterally attack or challenge by any means his convictions and sentences on Counts One through Three of the New Mexico Indictment and on Counts One through Three of the New Jersey Indictment, so long as those sentences do not exceed the maximum statutory penalties authorized by law.

No provision of this agreement shall preclude defendant Arellano from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that defendant Arellano received constitutionally ineffective assistance of counsel.

## Surrender of Property and Waiver of Claims

Defendant Arellano hereby surrenders, and abandons any and all right, title, and interest in and to any and all (i) property used and/or intended to be used in connection with unlawful animal fighting that was seized from or still exists at 4633 11th St. NW, Albuquerque, New Mexico, including but not limited to the property listed on Schedule B hereto (the "Animal Fighting Property").

Defendant Arellano further waives, releases, and withdraws any claim defendant Arellano has made, may have made, or may make in the future to the Animal Fighting Property, or in the dogs seized from his residence on June 1, 2016, in any proceeding or matter of any kind, whether federal, state, or local, criminal, civil, administrative, or regulatory, including matters relating to the custody, adoption, and other disposition of animals by animal cruelty prevention organizations, animal shelters, and similar organizations.

Defendant Arellano represents that he is the sole owner of the Animal Fighting Property and consents to its destruction and/or official use for law enforcement or educational purposes.

Defendant Arellano's waiver, release and withdrawal of claims includes, but is not limited to, any right to notice and hearing, and any and all common law, statutory, and constitutional claims or challenges, on any ground whatsoever, including any claim for attorney fees and/or costs.

## Immigration Consequences

Defendant Arellano understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being

subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Defendant Arellano understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Defendant Arellano wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Defendant Arellano understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, defendant Arellano waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey, the United States Attorney's Office for the District of New Mexico, and the Environmental Crimes Section of the United States Department of Justice, and cannot bind other federal, state, or local authorities. However, the United States will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against defendant Arellano. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against defendant Arellano.

### No Other Promises

This agreement constitutes the plea agreement between defendant Arellano and the United States and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

- 6 -

CRAIG CARPENITO  
United States Attorney  
District of New Jersey

JOHN C. ANDERSON  
United States Attorney  
District of New Mexico

By: *Kathleen O'Leary*  
Kathleen O'Leary  
Assistant United States Attorney

By: *Ethan [signature] for*  
Letitia Simms  
Assistant United States Attorney

APPROVED:

*David Eskew*  
David M. Eskew  
Chief  
Health Care and Government Fraud Unit

JEAN E. WILIAMS  
Deputy Assistant Attorney General  
Environment and Natural Resources Division  
U.S. Department of Justice

By: *Ethan Eddy*  
Ethan Eddy  
Trial Attorney  
Environmental Crimes Section

I have received this letter from my attorney, Samuel M. Bregman, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, surrender of property, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 11/15/18
Robert Arellano


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, surrender of property, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 11/15/18
Samuel M. Bregman, Esq.

Plea Agreement with Robert Arellano

Schedule A

1. The United States and Robert Arellano (hereinafter, "defendant Arellano") agree to stipulate to the following facts:

    a. On or about June 1, 2016, in the District of New Mexico, defendant Arellano knowingly possessed a dog, namely, the dog identified as government inventory number B-1 in the New Mexico Indictment, for the purpose of having the dog participate in an animal fighting venture, namely, an event, in and affecting interstate or foreign commerce, that involves a fight conducted or to be conducted between at least two animals for purposes of sport, wagering, or entertainment.

    b. On or about June 1, 2016, in the District of New Mexico, defendant Arellano knowingly possessed a dog, namely, the dog identified as government inventory number D-1 in the New Mexico Indictment, for the purpose of having the dog participate in an animal fighting venture, namely, an event, in and affecting interstate or foreign commerce, that involves a fight conducted or to be conducted between at least two animals for purposes of sport, wagering, or entertainment.

    c. On or about June 1, 2016, in the District of New Mexico, defendant Arellano knowingly possessed a dog, namely, the dog identified as government inventory number D-2 in the New Mexico Indictment, for the purpose of having the dog participate in an animal fighting venture, namely, an event, in and affecting interstate or foreign commerce, that involves a fight conducted or to be conducted between at least two animals for purposes of sport, wagering, or entertainment.

## Schedule B

1. Contents of grey metal suitcase seized from 4633 11th St. NW on June 1, 2016 (medications and veterinary/medical equipment)

2. Six dog fighting books: *My Life and Times With the American Pit Bull Terrier*; *Braveheart*; *Courage: Profiles of Important Pit Dogs*; *Pit Dogs: A Profile In Portraits*; *Fighting for Life: The American Bull Terrier*; *The Complete Gamedog*

3. One bottle of Canine Red Cell

4. All photograph prints of pit bull-type dogs seized from 4633 11th St. NW on June 1, 2016

5. All dog fighting magazines seized from 4633 11th St. NW on June 1, 2016

6. All paper documents pertaining to dog fighting seized from 4633 11th St. NW on June 1, 2016, including dog pedigrees, notes, purchase and sale records, correspondence, and shipping documents

7. Nineteen (19) dog fighting and dog-related VHS tapes

8. Two red and white bottles of Butalbital